UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PHYLLIS LEWANDOWSKI,

                             Plaintiff,

v.                                        Civil Action No. _____

BUREAU OF COLLECTION RECOVERY, LLC.,

                             Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Phyllis Lewandowski is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Bureau of Collection Recovery, LLC, (hereinafter "BCR") is a foreign business corporation organized and existing under the laws of the State of Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That someone by the name "John Little Rider" incurred a debt to Verizon. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff does no owe the subject debt, nor did she know or live with "John Little Rider," at any point in time.

12. That upon information and belief Defendant was employed by Verizon to collect on the subject debt.

13. That in or about September 2009, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

14. That during the first of these aforementioned calls, Plaintiff spoke with Defendant supervisor "Cheryl". Plaintiff informed Defendant that she was not "John Little Rider" and that "John Little Rider" did not live with her. Plaintiff then requested that Defendant cease and desist contacting Plaintiff. That despite Plaintiff's request, Defendant has continued to call.

15. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

16. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 15 above.

17. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    B. Defendant violated 15 U.S.C. §1692f and 15 U.S.C. §1692f(1) by attempting to collect a debt from Plaintiff which Plaintiff does not owe. Such conduct by Defendant is an unfair and unconscionable attempt to collect the subject debt.

18. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 29, 2010

/s/ Seth Andrews
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
sandrews@kennethhiller.com